Filed 4/30/26  P. v. Stanley CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085948 |
| v. | (Super.Ct.No. RIF74762) |
| JOHN MORRIS STANLEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge. Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, James M. Toohey and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant and appellant John Morris Stanley appeals the denial of his Penal Code[1] section 1172.6 resentencing petition, contending the trial court applied the wrong legal standard at the evidentiary hearing, and, in the event the court denied his petition at the prima facie stage, it erred in considering the transcripts of his parole hearings. We affirm.

FACTUAL BACKGROUND[2]

On April 19, 1997, police officers were dispatched to the home of D.M. (the victim). The victim had been shot in the back of his head and subsequently died from his injuries. {CT 37} The victim's sister told police she was at the victim's home when his ex-wife, C.M., arrived. C.M. screamed obscenities then drove a block away toward the residence she shared with defendant. The victim's sister observed C.M. get out of the car and defendant and his co-defendant, R.M., get into the car and drive to the victim's home. {CT 37-38} Defendant and R.M. cursed and shouted at the victim, and one of them said, "'[L]et's end it right here.'" {CT 38} The victim told his sister to call the police, and defendant and R.M. drove off. They returned three minutes later, began shooting their guns, and then fled. A witness said he observed defendant fire a pistol and R.M. fire a rifle. {CT 38} Another witness said the victim was holding a shotgun, but he never fired it. {CT 38}

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] This factual background is taken from the probation officer's report.

Defendant was arrested a few months later while in possession of a semi-automatic handgun. {CT 39} At that time, he waived his rights and said that, on the day of the incident, he and R.M. drove to the victim's house with the intention to "kick his a--." He said the victim had a gun and threatened to kill them. They left and returned with guns in hand. Defendant said the victim fired a shot at R.M., so defendant fired back in "self-defense." Defendant claimed the victim then fired at him (defendant), and he shot back. {CT 39-40}

PROCEDURAL BACKGROUND

On September 14, 1998, the Riverside County District Attorney filed an amended information charging defendant with murder (§ 187, subd. (a); count 1), three counts of being a felon in possession of a firearm (former § 12021, subd. (d); counts 3, 4, 7), and making criminal threats (§ 422; count 5).[3] The amended information alleged as to counts 1 and 5 that defendant personally used a firearm. (§ 12022.5, subd. (a).) {CT 23-27}

A jury found defendant guilty of first degree murder in count 1, and guilty as charged in the remaining counts. It also found true the firearm enhancements in counts 1 and 5. {CT 49-51, 112}

On October 27, 1998, the court sentenced defendant to 25 years to life in state prison on count 1, plus life 23 years 8 months on the remaining counts and allegations. {CT 49-51, 110, 74-77}

---

[3] Counts 2 and 6 concerned R.M. only. {CT 25-25}

On February 15, 2023, defendant filed a petition for resentencing pursuant to section 1172.6. {CT 62-63}

On June 16, 2023, the trial court held a prima facie hearing on the petition and issued an order to show cause (OSC).[4] {CT 105}

On April 18, 2025, the court denied defendant's resentencing petition at an evidentiary hearing. {CT 341}

### DISCUSSION

The Court Applied the Correct Legal Standard When it Denied Defendant's Petition

Defendant argues the order denying his petition must be reversed because the court failed to apply the correct legal standard at the evidentiary hearing. He claims the court "decided to apply the standard applicable at the prima facie stage of the case," rather than the proof "beyond a reasonable doubt" standard, as required at a section 1172.6, subdivision (d)(3) evidentiary hearing. Thus, he contends the matter must be remanded for the court to apply the correct standard of proof. {AOB 8-9, 13} The People argue the court applied the correct standard, and if not, any error was harmless. {RB 15-18} We conclude the court applied the correct standard of proof at the hearing.

---

[4] As the parties acknowledge, the record on appeal does not contain a minute order showing an OSC issued following the prima facie hearing. However, both parties agree the court did issue an OSC. {AOB 5, fn 1, RB 7, fn 3} We observe the minute order from the April 18, 2025 hearing, at which the court denied defendant's petition, states the court proceeding was a "Hearing on Order to Show Cause Why Defendant Should Not Be Resentenced [PC 1170.95]." {CT 341}

A. *Relevant Background*

Defendant filed a petition for resentencing pursuant to section 1172.6, alleging that: (1) a complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) [he] was convicted of murder following a trial; (3) and [he] "could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." {CT 62-63}

On June 16, 2023, the trial court determined that defendant had made a prima facie claim for relief and issued an OSC. {CT 105, 341}

On January 14, 2025, the prosecution filed a "Points and Authorities in Support of Ineligibiltiy [sic] finding at OSC Stage." {CT 88-98} The prosecution argued that, even though an OSC had already issued, documents were later discovered showing that defendant was "in fact statutorily ineligible as a matter of law"; thus, the court should summarily deny defendant's petition before any OSC hearing was held. The prosecution contended that defendant was ineligible for relief since he was "the actual shooter … who acted with malice by his own admissions before the parole board." Specifically, the evidence in the public record and recorded at parole hearings conducted in 2022 and 2024 showed that defendant admitted he shot at the victim and killed him, and his actions showed, at a minimum, that he had the requisite intent to kill. {CT 88-98} The prosecution attached a copy of the transcripts from the parole hearings. (See Exhibits 3 and 4.) {CT 150-267, 269-333})

The court held a hearing on the petition on April 18, 2025. {RT 4} Defense counsel acknowledged that he reviewed the documentation submitted by the prosecution and said, "I would only object for the record." {RT 5} The court initially stated that it reviewed the People's "additional points and authorities on the issue of [defendant's] eligibility for the petition," which was based on his parole hearings, and found he "doesn't qualify for any possible reasons listed in 1172 for resentencing." {RT 4-5} The prosecution argued that defendant was not eligible for relief because he was the actual shooter, and thus, he did not receive any of the applicable jury instructions pertaining to aiding and abetting. {RT 5} The court added that defendant admitted he was one of the shooters at the parole hearing and that, "whether … he was the actual killer or not is irrelevant." The court then denied his petition. {RT 5}

B. *Relevant Law*

"The Legislature enacted what is now section 1172.6 and simultaneously amended sections 188 and 189 to eliminate criminal liability for murder, attempted murder, and manslaughter absent a showing of the defendant's personal intent. [Citation.] A conviction for these crimes now requires proof that the defendant: (1) was the actual killer; (2) directly aided and abetted the actual killer while acting with the intent to kill; or (3) was a major participant in a felony who acted with reckless indifference to the value of human life." (*People v. Zavala* (2024) 105 Cal.App.5th 366, 372 (*Zavala*); §§ 188, 189.)  "[S]ection 1172.6 is the statutory mechanism for determining whether to retroactively vacate a final murder, attempted murder, or manslaughter conviction that

6

does not comply with the new, narrower definitions." (*People v. Duran* (2022) 84 Cal.App.5th 920, 927 (*Duran*), italics omitted.)

A defendant seeking relief under section 1172.6 must file a petition alleging entitlement to relief along with a declaration attesting to eligibility for relief. (§ 1172.6, subds. (a) & (b)(1).) If the defendant "makes a prima facie showing" of entitlement to relief, "the court shall issue an order to show cause." (§ 1172.6, subd. (c).) The court must then "convene an evidentiary hearing where the People bear the burden of establishing beyond a reasonable doubt that the defendant is guilty of the pertinent crime under the new, narrower definitions." (*Duran*, *supra*, 84 Cal.App.5th at p. 927.) At the evidentiary hearing, the court may consider "evidence previously admitted at any prior hearing or trial" that is admissible under current law, as well as "new or additional evidence" that is admissible under current law. (§ 1172.6, subd. (d)(3).) If the People "fail to sustain [their] burden of proof" at the evidentiary hearing, the conviction must be vacated and the defendant resentenced. (*Ibid*.)

C. *Defendant's Claim is Forfeited*

Defendant's claim that the court applied the wrong standard of proof at the evidentiary hearing is forfeited because it was not raised below.[5] (*People v. McCullough* (2013) 56 Cal.4th 589, 593.) In any event, defendant's claim fails on the merits.

---

[5] Defendant merely "object[ed] for the record." {RT 5} Constitutional rights and other rights may be forfeited by failing to make a timely and specific objection before the trial court. (*People v. McCullough* (2013) 6 Cal.4th 589, 593; See also, *People v. Partida* (2005) 37 Cal. 4th 428, 433-434.) The objection below was clearly non-specific.

D.  *The Record Shows the Court Held an Evidentiary Hearing and Applied the Correct Standard*

As defendant concedes, an order to show cause had been issued, and the April 18, 2025 hearing was an evidentiary hearing. {AOB 5, 7, 8, 13} Nonetheless, he claims the court "appears to have granted the prosecutor's request [in the points and authorities] that it summarily deny [defendant's] petition 'on basic ineligibility grounds *before* any formal Order to Show Cause (OSC) hearing is held," and, in doing so, applied the prima facie standard of review.  (Italics added.) {CT 88-89, AOB 13}

Again, it is undisputed that defendant's case was at the evidentiary hearing stage. {AOB 13, RB 7} By reviewing the evidence presented by the prosecution, which included the transcripts from the parole hearings, and basing its ruling on that evidence, the court clearly conducted an evidentiary hearing under section 1172, subdivision (d)(3). {RB 15, RT 4} Therefore, defendant's claim that the court granted the prosecutor's request to summarily deny his petition *before* the OSC hearing was held is without merit. {RT 5}

At the evidentiary hearing stage, it was the prosecution's burden to prove beyond a reasonable doubt that defendant was guilty of murder under current law.  (§ 1172.6, subd. (d)(3).)  Absent evidence to the contrary, the trial court is presumed to have applied the proper burden of proof.  (*People v. Abdelsalam* (2022) 73 Cal.App.5th 654, 662-663 ["In the absence of evidence to the contrary, it is presumed the court was aware of and applied the proper burden of proof."]; *Ross v. Superior Court of Sacramento* (1977) 19 Cal.3d

8

899, 913-914; Evid. Code § 664.) Nothing in the record suggests the court mistakenly applied the wrong standard of proof at the evidentiary hearing.

Instead, the language used by the trial judge demonstrates that he was convinced beyond a reasonable doubt. The court said, "[Defendant] doesn't qualify for any of the possible reasons listed in 1172 for resentencing," and it specifically pointed out that defendant "admitted at the parole hearing that he was one of the shooters." {RT 5} The court was referring to the parole hearing transcripts that the prosecution had submitted, which the court had reviewed. {RT 4} In the context of a section 1172.6 evidentiary hearing, "[i]t is well settled that a defendant's statements in a parole risk assessment report and testimony at a parole hearing fall within the ambit of "'new or additional evidence.'"" (*Zavala*, *supra*, 105 Cal.App.5th at p. 373; *People v. Mitchell* (2022) 81 Cal.App.5th 575, 586.)

At the 2022 parole hearing, when asked if he felt remorse about taking the victim's life, defendant said, "Yes, I am . . . I feel, I feel bad about [the victim's] life. Uh, I feel bad about the whole incident. Uh, it never should have happened, um, and I accept full responsibility for it." {CT 212} He also stated that when he and R.M. first went to the victim's home, the victim threatened to kill him (defendant). {CT 215} Further, he admitted that they returned to the victim's home armed; defendant had a semiautomatic gun and R.M. had a shotgun. {CT 216}

At the 2024 parole hearing, defendant admitted that it was his idea to get guns and return to the victim's home. {CT 285} Defendant also apologized to the victim's family, stating, "[T]his was a senseless and necessary [*sic*] crime that was none of my business.

I'm sorry for killing [the victim]. He did not deserve it . . . I feel ashamed even saying [his] name out loud, uh, because I know he died because of my actions." {CT 318} Defendant's statements at the parole hearings show that he admitted it was his idea to return to the victim's home with guns, he was responsible for the incident, the victim died because of his actions, and he was sorry for killing the victim. At a minimum, the evidence established that defendant aided and abetted the murder with the intent to kill, which is a valid theory under current law. (*Zavala*, *supra*, 105 Cal.App.5th at p. 372; *People v. Coley* (2022) 77 Cal.App.5th 539, 546.)

In sum, we conclude the court applied the correct legal standard at the evidentiary hearing held on April 18, 2025, and accordingly denied defendant's petition. No reversal is required.[6]

---

[6] Defendant argues that, should this court conclude the trial court denied his petition at the prima facie stage, the ruling must be reversed because the court could not consider the parole hearing transcripts at that stage of the proceedings. {AOB 15} In light of our conclusion, we need not address this claim.

DISPOSITION

The court's order denying defendant's resentencing petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS

J.

We concur:

RAMIREZ

P. J.

McKINSTER

J.